**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CASE NO.: **B-19-CR-875-01** |
| **Moriah Dawn McManimie** | § | |

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, pursuant to General Order No. 15-002, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocution. All parties have waived the right to plead before a United States District Judge and have executed a consent to proceed before a United States Magistrate Judge.

On **October 17, 2019**, the defendant and counsel appeared before the Magistrate Judge, who addressed the defendant personally in open court and informed the defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure. The Magistrate Judge determined that the defendant was competent to plead guilty and fully understood said admonishments.

The defendant entered a plea of guilty to the offense of knowing or in reckless disregard of the fact that a certain alien, Gilberto Parra-Murillo, had come to, to, entered, and remained in the United States in violation of law, did transport and move, and attempt to transport and move said alien within the United States by means of a motor vehicle in Cameron County, Texas, in furtherance of such violation of law. In violation of Title 8, United States Code, Sections

1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii) as charged in Count Two of the Indictment. A written plea agreement was recited on the record. The Government will recommend that the defendant be given credit for acceptance of responsibility and sentencing at the low end of the advisory guideline level the scores and dismissal of remaining count. The Government also agrees to recommend a two(2) level downward departure pursuant to USSG 5K3.1 for early plea, unless the defendant has a previous conviction under 8 U.S.C. 1324. The Court explained to the defendant that **she** would be subject to sentencing pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission. The Court also explained that parole had been abolished and that the defendant could receive a term of supervised release. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victim of Crime Act.

The Magistrate Judge finds the following:

1) The defendant, with the advice of **her** attorney, has consented orally and in writing to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2) The defendant fully understands the nature of the charges and penalties;

3) The defendant understands **her** constitutional and statutory rights and wishes to waive these rights;

4) The defendant's plea is made freely and voluntarily;

5) The defendant is competent to enter this plea of guilty; and

6) There is an adequate factual basis for this plea.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the presentence investigation report, enter final judgment of guilt against the defendant.

## WARNINGS

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 17th day of October, 2019.

Ronald G. Morgan
United States Magistrate Judge